THE INHABITANTS OF THE TOWNSHIP OF WINSLOW vs. HUDSON.

1. The questions, whether, under an act to authorize a township to issue "bonds to raise money to pay to such persons, who had or might volunteer in the army of the United States," bonds could be issued, or money raised for drafted men, or for any one but volunteers; whether a majority of the town committee, without a regular call for a meeting, could lawfully fill up, or seal, or deliver a bond; and whether they could do this in a place out of their own township; are proper to be determined by the courts of law, and by them only, and this court will not restrain a suit at law, in which these questions fairly arise, that they may be determined here.

2. Where the allegations of the bill, which, in such a case, might give a court of equity jurisdiction, are fully, directly and circumstantially denied by the answer, the denials, must, on a motion to dissolve upon bill and answer, be taken as true, and the injunction issued to restrain the suit at law be dissolved.

On motion to dissolve injunction.

*Mr. P. L. Voorhees,* in support of the motion.

*Mr. A. Browning,* contra.

Inhabitants of Winslow *v.* Hudson.

THE CHANCELLOR.

The complainants, "The Inhabitants of the Township of Winslow," filed their bill to restrain the defendant from prosecuting a suit brought by him on their bond for $500. The bill states that by an act approved February 22d, 1865, the complainants were authorized to issue bonds to raise money to pay to such persons who had or might volunteer in the army of the United States, and that at a town meeting held five days afterwards, they directed bonds to be issued for that purpose, and authorized the town committee to present to each drafted person, who would answer the call, or furnish a substitute in his stead, $600 of said bonds. That the defendant, who, on the 15th of February, had been drafted as one of the quota of twenty-seven men required of the township of Winslow, on the 14th of March, before he had reported himself to the Provost Marshal, or been accepted or mustered in, applied to three of the township committee for the $600 so directed to be given to each man who should answer the call, and promised that if he did not have to go in the army himself, or did not send a substitute, that he would return the bounty to the committee. That he stated that he was a clergyman, and a man of character, and referred to Mr. A. K. Hay, a well known and prominent citizen, for his standing, and said that his word might be trusted for the return of the bounty. That the three members of the township committee, at Camden, out of their own township, and in the absence of the other members of the committee, filled up a printed bond, which they had with them, signed by all the committee, with the name of the defendant, and the sum of $500, and affixed a seal to it, and handed it, with $100 in money, to the defendant, upon the promise that he would return the whole if he did not go into the army, or send some one in his place. That the defendant did not go into the army, or send a substitute in his place; that the war came to an end, and the soldiers drafted were not and would not be required; that the

VOL. VI.                M

defendant refused to return the bond, but has put the same in suit. The bill is to restrain the suit at law, on the grounds that the bond was delivered without authority and illegally, and that the complainants could not set up, at law, the non-performance of the condition on which the bond was delivered.

The legal questions whether, under this statute, bonds could be issued, or money raised for drafted men, or for any one but volunteers; whether a majority of the town committee, without a regular call for a meeting, could lawfully fill up, or seal, or deliver a bond; and whether they could do this in a place out of their own township; are proper to be determined by the courts of law, and by them only, and this court will not restrain a suit at law on which these questions fairly arise, that they may be determined here.

As to the conditional delivery of the bond, and the fraudulent conduct of the defendant in refusing to give up the bond, and in bringing suit upon it, which, perhaps, might give a court of equity jurisdiction, the answer fully, directly, and circumstantially denies all the facts alleged in the bill, upon which that equity depends. It denies that the defendant made the representations stated concerning his profession or character, or that he referred them to A. K. Hay, or that he promised to return the bond and money if he should not go into the army, or procure a substitute. And in reference to other allegations of the bill, he answers that he reported himself in pursuance of notice, to the office of the Provost Marshal, as one of the men drafted to fill the quota of Winslow township; that he was examined and accepted by the board of enrollment, and was enrolled and credited to the quota of the township, and became subject to the regulations of the army; that he was twice furloughed by the government officers, and each time reported himself to the rendezvous.

These facts, stated in answer to the charge that he did not answer the call, must, on this motion, be taken as true, and if true, answer the whole equity of the bill. If the

defendant had made all the representations and promises charged in the bill, he fulfilled them. The real object of the act, and of issuing bonds, was to fill the quota of the township, and free the other inhabitants from the draft. The defendant, by reporting himself and being accepted and enrolled, belonged to the army of the United States, was subject to military rule, and if he went away, was subject to punishment as a deserter. The government having accepted him, were bound to keep him at their own risk; if he was killed, or had died, or had deserted, they could not have called upon the township to supply his place on that draft.

That the war so soon came to an end, and that he received his bounty for small services, was his good fortune, and he is entitled to the benefit of it; he would have been required to make the much greater sacrifice, for which his bounty would have been totally inadequate, if he had lost his limbs or health in the war, or even if he had fully performed the three years' service in the field. If the answer is true, I see nothing inequitable in his retaining the bounty.

The injunction must be dissolved.